## INTERNATIONAL BROTHERHOOD OF POLICE OFFICERS, LOCAL 306

### v.

### TOWN OF COVENTRY.

#### No. 2000–337–Appeal.

Supreme Court of Rhode Island.

Feb. 11, 2002.

Gary T. Gentile.

Paul K. Sprague, Warwick.

### O R D E R

The plaintiff, International Brotherhood of Police Officers, Local 306 (the union) appealed a judgment of the Superior Court denying the union's motion for summary judgment and granting the summary-judgment motion of the defendant, the Town of Coventry (the town). The union argued that the town improperly refused to hear a grievance that was filed on behalf of a police officer who contested a two-day suspension. The case came before the Supreme Court for oral argument on February 4, 2002, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. After considering the record and the parties' memoranda and after hearing the oral arguments of counsel, we are of the opinion that cause has not been shown, and we summarily affirm the judgment of the Superior Court.

The facts underlying this case are largely undisputed. The union entered into a collective bargaining agreement (CBA) with the town for the period from July 1, 1997, to June 30, 2000. During that period, Officer James McCarron (McCarron), a patrolman for the Coventry Police Department, was summarily suspended for two days for allegedly violating the police de-

 

partment's rules and regulations. The union filed a grievance with the town on McCarron's behalf. The town denied the grievance on the ground that no such remedy was available under the CBA or the Law Enforcement Officers' Bill of Rights, ch. 28.6 of title 40 of the General Laws (the statute), neither of which, it argued, granted officers the right to file a grievance or request arbitration on suspensions of two days or less. The union filed suit in Superior Court pursuant to § 42–28.6–14(2), and both parties moved for summary judgment.

In granting the town's motion, the Superior Court motion justice found that, under the terms of the CBA, the statute furnished the exclusive remedy for permanently appointed officers subject to disciplinary action, and he stated that the union had "no right to a grievance hearing or arbitration for a summary suspension of two days or less." The union appealed, arguing that state law supersedes conflicting provisions of the CBA and that § 42–28.6–13(B) provides that disputes regarding summary punishment are to be resolved through the grievance procedures in the CBA. The union also questioned whether the two-day suspension was substantively arbitrable.

Although the Law Enforcement Officers' Bill of Rights previously permitted appeals of two-day summary suspensions, § 42–28.6–13(B) was amended by P.L.1995, ch. 19, §§ 1, 3, to state,

"Summary punishment of two (2) days' suspension without pay may be imposed for minor violations of departmental rules and regulations. *Appeals of suspension under this subsection shall be subject to the grievance provisions of any applicable collective bargaining agreement.*" (Emphasis added.)

Thus, the statute does not provide that disputes regarding summary punishment

must be subject to grievance procedures, unless such procedures are set forth in the CBA. Although grievance procedures for appealing summary suspensions under § 42–28.6–13(B) could have been included in the CBA effective 1997 to 2000, they were not included therein. Rather, Article XIV, subsection (e) of the CBA stated,

"The Parties agree that the contractual grievance and arbitration procedure shall not be available with respect to discipline, as the Law Enforcement Officers' Bill of Rights provides the exclusive remedy."

Hence, the CBA provided no remedy or arbitration procedure beyond those contained in the Law Enforcement Officers' Bill of Rights. Although the union contended that this provision of the CBA was drafted relying on the pre–1995 statute, the provision was included in the 1997 to 2000 CBA, well after the 1995 amendment was enacted. Accordingly, we hold that the motion justice did not err in ruling that the summary two-day suspension was not subject to grievance proceedings and that the Law Enforcement Officers' Bill of Rights was the exclusive remedy in the case.

Therefore, we deny and dismiss the union's appeal and affirm the judgment of the Superior Court, to which the papers in this case may be returned.

Chief Justice WILLIAMS did not participate.